UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ADEKUNLE KUKU,                                   Case No. 23-CV-3591 (PJS/DJF)

          Plaintiff,

v.                                                      ORDER

CAPELLA UNIVERSITY; CAPELLA
EDUCATION COMPANY; and CAPELLA
UNIVERSITY, INC.,

          Defendants.

Adekunle Kuku, pro se.

Peter C. Hennigan and Anna F. Barton, MASLON LLP, for defendants.

This matter is before the Court on defendants' (collectively, "Capella's") objection to the Decemeber 20, 2024, Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster. Judge Foster recommends granting in part and denying in part Capella's motion to dismiss and denying plaintiff Adekunle Kuku's "motion for interlocutory relief." The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Capella's objection and adopts the R&R.

Just a couple of matters merit comment. First, Capella's argument that the "educational malpractice doctrine" precludes the Court from determining whether Capella complied with the requirements of 20 U.S.C. § 1091c is without merit. As the

R&R notes, § 1091c not only requires the re-admission of service members, but also regulates the terms of re-admission—requiring, among other things, that service members be re-admitted with the same academic status that they had at the time of their deployment. § 1091c(c)(6). Further, the Department of Education's implementing regulations provide that:

> If the institution determines that the student is not prepared to resume the program with the same academic status at the point where the student left off, or will not be able to complete the program, the institution must make reasonable efforts at no extra cost to the student to help the student become prepared or to enable the student to complete the program . . . .

34 C.F.R. § 668.18(a)(2)(iv)(A); *see also* § 668.18(a)(2)(iv)(C) (defining "reasonable efforts" to mean "actions that do not place an undue hardship on the institution"); § 668.18(a)(2)(iv)(D) (providing that "[t]he institution carries the burden to prove by a preponderance of the evidence that the . . . student will not be able to complete the program" after reasonable efforts are made by the institution). The allegations in the complaint—especially the allegation that Capella administratively withdrew Kuku from his program after his first semester back—state a plausible claim that Capella did not make reasonable efforts to help Kuku complete the program after his return from service.

Second, Capella argues (for the first time) that 20 U.S.C. § 1091c does not provide a private right of action. Capella may be right, but Capella did not raise this argument before the magistrate judge, and thus the argument is not properly before the Court. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("'A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge.'" (quoting *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006)). Capella may renew its argument in a motion for judgment on the pleadings or a motion for summary judgment.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' objection [ECF No. 101] is OVERRULED and the Report and Recommendation [ECF No. 100] is ADOPTED.

2. Defendants' motion to dismiss [ECF No. 65] and plaintiff's "motion to oppose" [ECF No. 80] are GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's Title VI claim (Count I) is DISMISSED WITHOUT PREJUDICE.

    b. Defendants' motion is DENIED in all other respects.

3. Plaintiff's "motion for interlocutory relief" [ECF No. 91] is DENIED.

Dated: January 31, 2025            s/Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court