UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ADEKUNLE KUKU,

Case No. 23-CV-3591 (PJS/DJF)

Plaintiff,

v.

ORDER

CAPELLA UNIVERSITY; CAPELLA
EDUCATION COMPANY; and CAPELLA
UNIVERSITY, INC.,

Defendants.

---

Adekunle Kuku, pro se.

Peter C. Hennigan and Anna F. Barton, MASLON LLP, for defendants.

Plaintiff Adekunle Kuku, a member of the armed services, brought this action against Capella University and others (collectively, "Capella") after he was academically dismissed from an online doctorate program. Capella previously moved to dismiss Kuku's complaint for failure to state a claim. The Court adopted the Report and Recommendation of Magistrate Judge Dulce J. Foster and dismissed all of Kuku's claims except his claim for failure to readmit a service member pursuant to 20 U.S.C. § 1091c.

Capella now moves for judgment on the pleadings on Kuku's failure-to-readmit claim, arguing that the claim is not viable because § 1091c does not provide a private cause of action. The Court agrees and dismisses the claim.

### A.  Standard of Review

In ruling on a motion for judgment on the pleadings, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the non-movant's favor.  *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023); *see also Buckley v. Hennepin Cnty.*, 9 F.4th 757, 760 (8th Cir. 2021) (stating same standard of review applies to Rule 12(c) motions as Rule 12(b)(6) motions).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.

### B.  Private Cause of Action

Title IV of the Higher Education Act of 1965 ("HEA") established various student-aid programs to help students pay post-secondary educational expenses.  Section 1091c—entitled "Readmission requirements for servicemembers"—was enacted as part of the 2008 reauthorization of the HEA.  *See* Higher Education Opportunity Act of 2008 ("HEOA"), Pub. L. No. 110-315, 122 Stat. 3078.  Under § 1091c, a student is generally entitled to readmission to his or her school following an absence caused by service in the armed forces.  § 1091c(c)(1).  The question raised by Capella's motion is whether § 1091c provides a private cause of action to a service member who has been wrongfully denied readmission.

-2-

A private cause of action must be created by Congress, either expressly or implicitly. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). A private cause of action is typically provided by the express terms of a statute, but § 1091c does not contain an express private right of action. *See generally* 20 U.S.C. § 1091c; *see also Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education.").

A private cause of action may also be implied, but courts are generally reluctant to read an implied cause of action into a statute. *See Sandoval*, 532 U.S. at 287; *Osher v. City of St. Louis, Mo.*, 903 F.3d 698, 702 (8th Cir. 2018). To give rise to an implied cause of action, a statute must clearly reflect a Congressional "intent to create not just a private right but also a private remedy." *Sandoval*, 532 U.S. at 286. In this case, for example, even assuming (as the Court does[1]) that § 1091c creates a private right to

---

[1] A statute may create an implied private right when its text is "phrased in terms of the persons benefited" and uses "rights-creating" language. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 692 n.13 (1979)). By contrast, if a statute focuses on the person *regulated* rather than on the person *benefited*, then the statute likely does not create an individual right. *Sandoval*, 532 U.S. at 289.

Here, § 1091c evidences a Congressional intent to create an individual right, as the statute focuses on service members (the persons benefited) rather than on schools (the persons regulated):

(continued...)

-3-

readmission, Kuku's claim must be dismissed unless the statute also creates a private

cause of action to enforce that right. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002).

It does not. In fact, the Eighth Circuit, along with every other circuit to address

the question, has held that the HEA does not create a private cause of action. *See*

*Labickas v. Ark. State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996) (per curiam) (holding that

student-loan applicant had no private cause of action under the HEA); *Parks Sch. of Bus.,*

*Inc.*, 51 F.3d at 1489 (holding that a school did not "have a private cause of action

against [defendant] pursuant to the student loan provisions of the HEA"); *L'ggrke v.*

---

[1](...continued)
> A person who is a member of, applies to be a member of,
> performs, has performed, applies to perform, or has an
> obligation to perform, service in the uniformed services shall
> not be denied readmission to an institution of higher
> education on the basis of that membership, application for
> membership, performance of service, application for service,
> or obligation.

§ 1091c(b). Notably, Congress made the service member the subject of this provision
and mandated that the service member "shall not be denied readmission." *Cf. Ark. State
Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1209 (8th Cir. 2023) (identifying
statutory text that stated "no person shall be subjected to discrimination" as framed in
terms of the benefited class) (cleaned up). Further, Congress used additional "rights-
creating" language by providing that a service member "shall be *entitled* to readmission
to the institution of higher education" if specific procedures are followed. § 1091(c)(1)
(emphasis added). The statute thus creates an individual right for service members to
be readmitted under certain conditions.

Because the statute creates an individual right, the right to readmission may be
enforceable against state actors under 42 U.S.C. § 1983. *See Gonzaga Univ.*, 536 U.S. at
284. Capella is a private institution, however, so it cannot be held liable under § 1983.

*Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992) (holding that student borrower did not have a private cause of action under the HEA); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1224–25 (11th Cir. 2002) (per curiam) (holding that parents denied loans did not have a private cause of action under the HEA).

As these courts have explained, the HEA makes clear that Congress intended the Secretary of Education—not individual students—to enforce its provisions.  Although these cases were decided before § 1091c was added to the HEA, nothing in the 2008 amendments undermines the courts' conclusion that the HEA does not provide a private right of action.  In *Labickas*, for example, the Eighth Circuit reasoned that Congress did not intend to provide a private remedy because "[t]he HEA specifies that the Secretary of Education has the power to carry out the Act's purposes [and] the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the HEA."  78 F.3d at 334.  Importantly, the "express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."  *Sandoval*, 532 U.S. at 290.

The HEA's enforcement scheme remains materially unchanged today.  For example, to be eligible to participate in Title IV programs, institutions of higher education must meet certain qualifications, such as entering into "participation agreements" with the Secretary of Education.  20 U.S.C. § 1094(a) ("In order to be an

eligible institution for the purposes of any program authorized under [Title IV], an institution . . . shall . . . enter into a program participation agreement with the Secretary."); *Assoc. of Private Sector Colls. & Univs. v. Duncan*, 681 F.3d 427, 433–34 (D.C. Cir. 2012).  An institution's "[participation] agreement shall condition the initial and continuing eligibility of an institution to participate in a program upon compliance" with a number of requirements imposed by Title IV and its implementing regulations. 20 U.S.C. § 1094(a).

Moreover, the HEA was enacted pursuant to Congress's spending power.  *Assoc. of Private Sector Colls. & Univs.*, 681 F.3d at 459.  The typical remedy for noncompliance with conditions on receiving federal funds is not a private cause of action to enforce the conditions, but rather the government's revocation of funding to the noncompliant recipient.  *See Gonzaga Univ.*, 536 U.S. at 280.  Here, the HEA's enforcement scheme contemplates exactly such a remedy.  *See* 34 C.F.R. § 668.86(a)(1)(i) (stating the Secretary may "terminate an institution's participation in a Title IV, HEA program" if the institution violates "any statutory provision of or applicable to Title IV of the HEA [or] any regulatory provision prescribed under that statutory authority"); 34 C.F.R. § 668.85(a)(1)(i) (authorizing the Secretary to suspend a noncompliant participating institution).  Congress's decision to condition the receipt of funds on detailed agreements with the Secretary of Education, as well as its decision to give the Secretary

the power to terminate participation for noncompliance, indicates that Congress did not intend to create a privately enforceable remedy. *Sandoval*, 532 U.S. at 290 ("[S]ome remedial schemes foreclose a private cause of action to enforce even those statutes that admittedly create substantive private rights.").

Finally, it is significant that Congress created § 1091c's readmission requirement several years *after* enacting the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). The USERRA requires the re*employment* of service members in much the same way that the HEA requires the re*admission* of service members. *See generally* 38 U.S.C. § 4312. Indeed, in drafting § 1091c's readmission requirement, Congress extensively borrowed language from the USERRA's reemployment requirement. *Compare* 20 U.S.C. § 1091c(c)(1), *with* 38 U.S.C. § 4312(a). Significantly, however, in drafting § 1091c's readmission requirement, Congress chose *not* to borrow the language in the USERRA that creates an express private cause of action for service members whose right to reemployment is violated. *See* 38 U.S.C. § 4323(a)(3). Congress could have created a private cause of action for service members denied readmission—just as Congress had created a private cause of action for service members denied reemployment—but chose not to do so. That omission provides additional evidence that Congress did not intend to provide a private enforcement mechanism for service members denied readmission in violation of § 1091c. *Cf. Russello*

*v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (cleaned up).

For these reasons, the Court finds that Congress did not intend to create an implied cause of action for a violation of 20 U.S.C. § 1091c and thus that Kuku's remaining claim must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Defendants' motion for judgment on the pleadings [ECF No. 115] is GRANTED.

2.      Plaintiff's motion to strike [ECF No. 131] is DENIED.

3.      Plaintiff's 20 U.S.C. § 1091c claim is DISMISSED WITH PREJUDICE AND ON THE MERITS.

4.      The amended complaint [ECF No. 62] is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 5, 2025                    /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court